121 So.2d 872

**LOUISVILLE & NASHVILLE RAILROAD COMPANY**

v.

**Edgar L. JOHNS, Administrator.**

3 Div. 858.

Supreme Court of Alabama.

June 30, 1960.

Steiner, Crum & Baker, Montgomery, B. E. Jones & R. L. Jones, Evergreen, for appellant.

Jones & Nix, Evergreen, Prestwood & Prestwood, Andalusia, for appellee.

LAWSON, Justice.

J. A. Johns was killed on June 12, 1950, when he was hit by three railroad cars of Louisville & Nashville Railroad Company on one of that company's railroad tracks which run through the center of the City of Evergreen. The three railroad cars had been cut loose from an engine.

Edgar L. Johns, as administrator of the estate of J. A. Johns, deceased, brought suit in the Circuit Court of Conecuh County against the Louisville & Nashville Railroad Company, hereafter referred to as the railroad, for damages for the death of J. A. Johns.

The first trial resulted in a verdict and judgment in favor of the plaintiff. The railroad appealed. We reversed. Louisville & N. R. Co. v. Johns, 258 Ala. 440, 63 So.2d 574.

The cause came on for trial a second time in the Circuit Court of Conecuh County. Again the plaintiff recovered a judgment against the railroad based on a jury verdict. The railroad appealed. We reversed. Louisville & N. R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265.

A third trial followed in the Circuit Court of Conecuh County. Again there was a jury verdict in favor of the plaintiff. A judgment was rendered in accord with the verdict. The railroad has again appealed.

For a detailed description of the place where the injury occurred and the movements of the train, see the opinion on the first appeal.

The facts pertinent to the understanding of the issues presented on this appeal are in most respects contained in the summary of the facts as made in the opinion on the second appeal and will not be repeated here.

On the first appeal (258 Ala. 440, 63 So. 2d 574), we reversed because of a fatal variance between the pleading and proof in that all counts of the complaint alleged that deceased was injured while he was crossing the tracks of the railroad, but the proof showed that at the time the deceased was struck by the railroad cars he was walking longitudinally along the tracks of the defendant and between the rails. We also reversed on the grounds that there was no proof of the counts charging simple negligence or the counts charging subse-

quent negligence or the counts charging wantonness.

On the second trial the plaintiff's complaint contained Counts A and B, which charged simple negligence; Count C, which charged subsequent negligence; Counts 6 and 7, which charged that the corporate defendant "willfully or wantonly" caused the death of plaintiff's intestate; and Count 8, which charged that plaintiff's intestate was killed by the "willful or wanton" acts of employees of the defendant "while acting within the line and scope of their authority and employment." To Counts A, B and C the defendant railroad pleaded in short the general issue and contributory negligence, and to Counts 6, 7 and 8 the defendant railroad pleaded the general issue.

At the second trial the trial court gave the affirmative charge with hypothesis for defendant as to Counts A and B, but refused the affirmative charge with hypothesis requested by the defendant as to Counts C, 6, 7 and 8.

On the second appeal we reversed on the ground that the court erred because of its refusal to give the affirmative charge with hypothesis as to Counts 6 and 7, in that those counts charged willful or wanton misconduct by the corporate defendant and there was no proof of corporate participation in the damnifying act.

Our reversal on the second appeal was also based on certain portions of the court's oral charge to which the defendant had taken exception. No reference need be made in this opinion to such portions of the court's charge on the second trial, as no similar questions are presented on this appeal.

After our reversal on the second appeal (267 Ala. 261, 101 So.2d 265), the plaintiff amended his complaint by striking Counts 6 and 7, leaving in the complaint only Counts A, B, C and 8. To Counts A, B and C the defendant railroad pleaded in short the general issue and contributory negligence, and to Count 8 the general issue

This record is rather confusing in regard to the issue or issues on which this case went to the jury.

Included in the record are affirmative instructions requested by the defendant as to each of the four counts, all of which are marked refused by the trial court.

However, the trial court in its oral charge expressly stated to the jury that the only issue in the case was that of subsequent negligence.

In brief filed here on behalf of appellant and in brief filed on behalf of appellee, it seems to be conceded that the trial court in its oral charge limited the issue to that of subsequent negligence as a result of a conference between the court and counsel prior to the giving of the oral charge.

■ The record fails to show any such conference or consultation between the court and counsel and we have several times held that we are bound by that which appears in the record and cannot consider matters in brief which are not reflected by the record.

However, we have a situation here where it is agreed in brief and was admitted in oral argument before the court that the trial court in its oral charge eliminated the issue of initial negligence under Counts A and B and the issue of willful or wanton conduct under Count 8 in accord with his statement previously made to counsel for both parties.

Consequently, we are of the opinion that the review of this case should be had on the basis that the issues of initial negligence and willful or wanton conduct were eliminated from the consideration of the jury even though affirmative instructions requested by the defendant as to Counts A, B and 8 were refused.

■ It is insisted here that the evidence was insufficient to show subsequent negligence and that hence the trial court erred in refusing to give the affirmative charge requested by the defendant as to Count C.

We see no occasion to set out in this opinion the evidence on behalf of the plaintiff which we think tends to support the action of the trial court in permitting the case to go to the jury under Count C. The evidence offered by the plaintiff on the trial here under review is in all material respects the same as that presented by the plaintiff at the second trial except that the plaintiff called an additional witness, whose testimony was substantially the same as that given by the plaintiff's witnesses Barfield and Sherman on the second trial.

It would serve no useful purpose for us to encumber this opinion with a recitation of the evidence as it relates to this issue of subsequent negligence. We have viewed the evidence presented on this appeal in connection with that presented on the second appeal which was held sufficient to go to the jury on the charge of subsequent negligence, and we hold here, as we held on the second appeal, that the trial court did not err in refusing to give the general affirmative charge for the defendant as to the subsequent negligence count.

The defendant took no exceptions to the oral charge of the court and hence nothing in the oral charge is presented for our consideration on this appeal by the defendant.

 It is insisted by the railroad that the cause should be reversed on the ground that the trial court admitted in evidence testimony tending to show that numbers of people were accustomed to cross the defendant's railroad tracks between West Front Street and East Front Street over the entire area between the Rural Street crossing and the depot crossing.

We are unable to find any evidence to this effect which was admitted following an appropriate objection interposed by the defendant. We also take note of the fact that on several occasions during the course of the trial this same testimony was elicited from witnesses by the defendant.

Inasmuch as we have construed this record as showing that the trial court in its oral charge in effect directed a verdict for the defendant as to Count 8, which charged willful or wanton conduct, we must hold that there was no error on the part of the trial court to give at the request of the defendant the written requested charges concerning the right of the plaintiff to recover under Count 8.

Defendant's refused Charge 20 states an incorrect principle of law and was refused without error. It completely ignores the duty on the part of the railroad after discovery of the deceased on its tracks.

Reversible error is not made to appear in connection with the court's action in refusing defendant's written Charge 17. Assuming without deciding that said charge states a correct principle of law, the court's oral charge and Charge 21 given at the request of the defendant adequately informed the jury as to the principles attempted to be stated in Charge 17.

The judgment of the trial court is affirmed.

Affirmed.

STAKELY, MERRILL and COLEMAN, JJ., concur.